UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 05-26-KSF

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                         **REPORT AND RECOMMENDATION**

GLEN SCOTT GEMMER                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On November 18, 2011, this matter came before the Court for a final revocation hearing on the United States Probation Office's report that Defendant, Glen Scott Gemmer, violated conditions of his supervised release. Defendant was present in Court and represented by Timothy Schneider; the United States was represented by Assistant United States Attorney Robert McBride. The proceedings were recorded by official court reporter Lisa Wiesman.

On May 6, 2005, Defendant pled guilty to Bank Robbery by Force or Violence, a violation of 18 U.S.C. § 2113(a). (R. 17). On August 1, 2005, the United States District Court for the Eastern District of Kentucky sentenced Defendant to seventy-eight months of imprisonment. (R. 26). Defendant's sentence also included three years of supervised release, which began on May 17, 2011. (*Id.*).

On September 23, 2011, the Court modified Defendant's supervised release conditions to include a requirement that he participate and successfully complete four (4) months in a halfway house, where he would attend and complete mental health and substance abuse counseling. (R. 27). This modification was based on Defendant's admission to the United States Probation Officer that he used synthetic marijuana on several occasions. (*Id.*).

On October 5, 2011, Defendant submitted to drug screening, and lab results confirmed that he was positive for cocaine use. Defendant also admitted to the United States Probation Officer that he used cocaine on October 1, 2011. (R. 28). On October 21, 2011, the Court accepted the Probation Officer's recommendation of no action at that time pending successful completion of the halfway house program, which Defendant had recently began. (*Id.*).

Defendant now stands before the Court charged with the following violations:

**Violation #1 - "The defendant shall not commit another federal, state, or local crime."**

**Violation #2 - "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substance, except as prescribed by a physician."**

**Violation #3 - "The defendant shall not commit another federal, state, or local crime."**

**Violation #4 - "The defendant shall reside in and successfully complete a halfway house program for a period of 4 months. While at the halfway house, he shall attend and complete mental health and substance abuse counseling."**

These charged violations were presented to the Court by Supervised Release Violation Report of November 10, 2011. Violation #1 arises following a November 9, 2011, report by Defendant's counselor that Defendant had stolen her wallet. Violations #2 and #3 arise from Defendant's admitted use of cocaine on October 1, 2011. And Violation #4 arose after the U.S. Probation Office on November 9, 2011, was contacted by staff at the Talbert House and informed that Defendant had left the facility without permission and had not returned.

At the scheduled final hearing on these charged violations, Defendant admitted and pled guilty to each of the above violations as set out in the November 10, 2011, Violation Report of the U.S. Probation Officer. As to an appropriate punishment for these violations, the parties represented

that an agreement had been reached between them as to what should be recommended for these infractions, with Defendant and his counsel agreeing with the Government's recommendation that Defendant be sentenced to a term of imprisonment of 21 months with no supervised release to follow. Defendant also executed a waiver of his right to allocution.

The undersigned being satisfied from dialogue with Defendant that he understands the nature of the charges currently pending, has had ample opportunity to consult with counsel, and enters his admissions of violations and this agreement knowingly and voluntarily; accordingly,

**IT IS RECOMMENDED** that:

1. Defendant **GLEN SCOTT GEMMER** be found to have violated the terms of his supervised release as set out in the November 10, 2011, Supervised Release Violation Report;

2. Defendant's supervised release be **REVOKED**;

3. Defendant be **SENTENCED** to the custody of the Attorney General for a period of **TWENTY-ONE (21) MONTHS, with no supervised release to follow**; and,

4. Defendant's sentence, if possible, be served at USP-Big Sandy.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir.), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Dated this 2nd day of December, 2011.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\S.R. violations R&R\05-26-Gemmer.wpd

3